People v Jawan (2018 NY Slip Op 06834)





People v Jawan


2018 NY Slip Op 06834


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

109940

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KAREN L. JAWAN, Appellant.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


D.J. & J.A. Cirando, Esqs., Syracuse (John A. Cirando of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered January 31, 2017, convicting defendant upon her plea of guilty of the crime of grand larceny in the second degree.
In satisfaction of multiple charges stemming from her misappropriation of approximately $269,000 from her employer, defendant waived indictment, pleaded guilty to grand larceny in the second degree and waived her right to appeal. County Court sentenced defendant in accordance with the terms of the plea agreement to a prison term of 2 to 6 years. Defendant appeals.
We affirm. Contrary to defendant's contention, the record reflects that defendant was aware, prior to pleading guilty, that the waiver of the right to appeal was a condition of the plea agreement. Regarding the waiver of the right to appeal, County Court adequately explained that it was separate and distinct from the rights forfeited by the plea agreement and defendant acknowledged her understanding thereof. In addition, defendant executed a written appeal waiver and, upon inquiry by the court, assured the court that she had sufficient time to read the document and discuss it with counsel and that she understood it. As such, we find that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Cayon, 158 AD3d 946, 947 [2018], lv denied 31 NY3d 1080 [2018]; People v Savage, 158 AD3d 854, 855 [2018]).
Although the valid appeal waiver does not preclude defendant's challenge to the voluntariness of the plea or her claim of ineffective assistance of counsel to the extent that it impacts the voluntariness of the plea, such issues are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied ___ NY3d ___ [Aug. 15, 2018]; People v Tucker, 161 [*2]AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1144 [2018]). Further, the narrow exception to the preservation requirement is inapplicable as defendant made no statements during the plea colloquy that cast doubt on her plea of guilty or otherwise called into question the voluntariness of the plea (see People v Haverly, 161 AD3d at 1484; People v Tucker, 161 AD3d at 1482). Finally, defendant's challenge to the severity of the sentence imposed is foreclosed by her valid appeal waiver (see People v Tucker, 161 AD3d at 1482; People v Rutigliano, 159 AD3d 1280, 1280 [2018], lv denied 31 NY3d 1121 [2018]).
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.